UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT F. FERGUSON, JR.,

        Petitioner,

      v.                                    Case No. 20-CV-947

DYLON RADTKE,
Warden,

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Scott Ferguson, Jr., who is incarcerated pursuant to a judgment of the Milwaukee County Circuit Court following a jury trial, filed an unsigned petition for a writ of habeas corpus. (ECF No. 1.)

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion of state remedies is a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205 (2006), that a district court may raise *sua sponte*, *see U.S. ex rel. Lockett v. Ill. Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979). Before coming to federal court with a habeas claim, every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Ordinarily, before dismissing a petition at the Rule 4 stage for failure to exhaust claims in state court, a court should afford the petitioner an opportunity to respond. *See Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). There are exceptions, however—for example, when it is clear that the petitioner has made no effort to exhaust his state remedies. *See, e.g., Belmares v. Schmidt*, No. 16-CV-1095-JPS, 2016 U.S. Dist. LEXIS 114754 (E.D. Wis. Aug. 26, 2016).

On appeal from Ferguson's conviction in circuit court the Wisconsin Court of Appeals addressed two issues: (1) whether the admission of a photograph during Ferguson's trial violated his constitutional right of confrontation; and (2) whether insufficient evidence existed to convict him of the three firearm possession charges. *State v. Ferguson*, 2019 WI App 54, 388 Wis.2d 622, 935 N.W.2d 558 (unpublished). In his habeas petition Ferguson presents these two claims and one additional claim – that "[a]ppellant counsel failed to raise that trial counsel failed to object to misjoinder of the 3 counts of Adjudged Delinquent Possess Firearm." (ECF No. 1 at 6-9.) He admits that he exhausted his state remedies for only the first two claims. For his third claim Ferguson asserts that the "issue was left in limbo and [he] now wishes to exhaust the issue." (*Id.* at 9.)

If a defendant believes his appellate counsel was ineffective, the traditional means of presenting such a claim in Wisconsin is by way of a *Knight* petition in the Wisconsin Court of Appeals. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). Ferguson does not indicate that he is currently exhausting his third claim by pursuing a *Knight* petition, nor did he file a motion requesting a stay and abeyance of his first two claims so that he may return to state court to exhaust his state court remedies related to his third claim.

It appears that Ferguson has failed to exhaust all of his claims in state court and that his petition must be dismissed. However, before dismissing this action, the court will

3
Case 2:20-cv-00947-WED   Filed 07/16/20   Page 3 of 5   Document 5

give Ferguson a chance to show cause as to why this action should not be dismissed or to request a stay and abeyance so that he may exhaust his third claim in state court.

Alternatively, having reviewed the petition and the state court docket, the court is unable to say that it is plainly apparent that Ferguson is not entitled to relief on his first two claims that he did exhaust in state court. Therefore, Ferguson also has the option of dismissing his third claim and proceeding here just on his first two exhausted claims.

**IT IS THEREFORE ORDERED** that, no later than **August 17, 2020**, Ferguson shall either show cause as to why his petition should not be dismissed, request a stay and abeyance while he exhausts his state court remedies, or file an amended petition containing only those claims as to which he has already exhausted his state court remedies. **If Ferguson fails to do anything by that date, his petition will be dismissed without prejudice**.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General. The respondent is not required to respond to the petition. However, no later than **August 17, 2020**, the respondent must complete and file the "Consent to Proceed Before a Magistrate Judge" form.

In the event Ferguson chooses to show cause as to why his petition should not be dismissed, the respondent may, but is not required to, respond no later than **August 31, 2020**.

4

Case 2:20-cv-00947-WED    Filed 07/16/20    Page 4 of 5    Document 5

Dated at Milwaukee, Wisconsin this 16th day of July, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge